BEFORE THE EVIDENTIARY PANEL OF THE
STATE BAR DISTRICT NO. 4B4 GRIEVANCE COMMITTEE

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, | § § § | D0080424475 [RUSSELL E. LOGAN] D0020525978 [HERBERT I. OCHOA] |
| Petitioner, | § § | D0050526804 [JOSE T. PEREZ] D0060527017 [STATE BAR OF TEXAS] |
| v. | § § | |
| CATHERINE M. SHELTON, | § § | HARRIS COUNTY, TEXAS |
| Respondent. | § § | |

FILED
MAY 1 7 2007
STATE BAR OF TEXAS
HOUSTON CDC

### JUDGMENT OF DISBARMENT

#### Parties and Appearance

On May 4, 2007, came to be heard the above styled and numbered causes. Petitioner, the **COMMISSION FOR LAWYER DISCIPLINE**, appeared by and through its attorney of record, Shannon Breaux Saucea, and announced ready. Respondent, **CATHERINE M. SHELTON**, Texas Bar Number 13902800, appeared by and through her attorney of record, James T. Lombardino, and announced ready.

#### Jurisdiction and Venue

The Evidentiary Panel 4B4, having been duly appointed to hear this complaint by the chair of the Grievance Committee for State Bar of Texas District 4B, finds that it has jurisdiction over the parties and the subject matter of this action and that venue is proper.

#### Professional Misconduct

The Evidentiary Panel, having considered all of the pleadings, evidence, stipulations and argument, finds Respondent has committed Professional Misconduct as defined by Rule 1.06(V) of the TEXAS RULES OF DISCIPLINARY PROCEDURE.

## Findings of Fact

The Evidentiary Panel, having considered the pleadings, evidence and argument of counsel, makes the following findings of fact and conclusions of law:

1. Respondent is an attorney licensed to practice law in Texas and is a member of the State Bar of Texas.

2. At the time of the filing of this case, Respondent resided in and maintained her principal place of practice in Harris County, Texas.

3. Respondent's preferred address on file with the State Bar of Texas at the time of the filing of this case was an address in Houston, Texas.

4. Respondent's Request to Transfer Venue was untimely and no hearing had been requested by Respondent on the issue of Venue or her Plea to the Jurisdiction.

5. On or about November 9, 2001, Respondent filed *Defendant's Motion for New Trial* on behalf of **RUSSELL E. LOGAN** (hereinafter referred to as "**LOGAN**"), which was subsequently granted on November 13, 2001.

6. Thereafter, the Court realized that it had mistakenly granted the *Motion for New Trial* when it was presented contemporaneously in a stack of dozens of papers to be signed.

7. On March 6, 2002, the Court set aside its *Order* granting **LOGAN** a new trial.

8. The Court set the matter for hearing on two (2) separate occasions; however, Respondent failed to appear. On June 1, 2002, the Court denied the *Motion for New Trial*.

9. On or about October 1, 2002, Respondent was paid Two Thousand Five Hundred and No/100 Dollars ($2,500.00) to research and evaluate the viability of pursuing an appeal of the criminal conviction of **HERBERT I. OCHOA** (hereinafter referred to as "**OCHOA**").

10. Thereafter, Respondent informed **OCHOA** and/or his family that she would take the case and on or about January 8, 2003, Respondent was hired to represent **OCHOA**.

11. **OCHOA'S** family members paid Respondent an additional Twenty Thousand and No/100 Dollars ($20,000.00) for the representation.

12. Respondent then neglected the case when she failed to perform any legal services on behalf of **OCHOA**.

13. Respondent further failed to refund any unearned fees to **OCHOA** and/or his family members.

14. Moreover, Respondent failed to respond to **OCHOA'S** numerous requests for information concerning the status of his case. Respondent failed to maintain adequate communication with **OCHOA** to enable him to make informed decisions regarding the representation.

15. On February 7, 2005, Cause No. 9256, *State of Texas v. Roy Lee Alex*, was set for jury selection at 9:00 a.m. in the 355th Judicial District Court of Hood County, Texas.

16. Respondent represented the defendant, **ROY LEE ALEX**.

17. At approximately 2:30 p.m. on February 7, 2005, Respondent was brought to court by the Hood County Sheriff and was warned by the judge not to be late to court again.

18. Furthermore, Respondent was instructed that the evidence phase of the trial would begin at 8:30 a.m. on February 10, 2005.

19. Notwithstanding the judge's admonishment, on February 10, 2005, Respondent appeared in court at 9:00 a.m.

20. The Court found Respondent in contempt of court and assessed a fine of Five Hundred and No/100 Dollars ($500.00).

21. Respondent was released upon her own recognizance pending trial by another judge.

22. **JUDGE WILLIAM C. BOSWORTH, JR.**, Judge of the 413th District Court of Johnson County, Texas, was assigned to preside over the contempt hearing.

23. Respondent was ordered to appear before the Court at 1:00 p.m. on March 24, 2005.

24. Respondent failed to appear.

25. On March 24, 2005, Respondent was arrested and confined in the Hood County Jail.

26. Respondent was later released on bond on March 26, 2005.

27. Respondent was ordered to appear before the Court at 1:00 p.m. on May 6, 2005.

28. Again, Respondent failed to appear.

29. Respondent's bond was forfeited and accordingly, on June 6, 2005, she was arrested and confined in the Hood County Jail.

30. On June 8, 2005, the Court found Respondent guilty of contempt of court and assessed punishment at five (5) days in the Hood County Jail with credit for the five (5) days served.

31. The Chief Disciplinary Counsel of the STATE BAR OF TEXAS has incurred reasonable attorneys' fees and direct expenses associated with this Disciplinary Proceeding in the amount of One Thousand Five Hundred Five and No/100 Dollars ($1,505.00).

32. Respondent owes restitution in the amount of Twenty Thousand and No/100 Dollars ($20,000.00) payable to Armida Ochoa and Arnulfo Ochoa, on behalf of Herbert Ochoa.

## Conclusions of Law

The foregoing findings of fact support a violation of Rule **1.01(b)(1), 1.01(b)(2), 1.03(a), 1.03(b), 1.14(a), 1.15(d), 3.04(c)(5), 3.04(d),** and **8.04(a)(4)** of the TEXAS DISCIPLINARY RULES OF

PROFESSIONAL CONDUCT, Article X, Section 9, STATE BAR RULES. All other Findings of Fact and Conclusions of Law necessary for entry of the judgment are found to have occurred.

## Sanction

The Evidentiary Panel, having found Respondent has committed Professional Misconduct, heard and considered additional evidence regarding the appropriate sanction to be imposed against Respondent. After hearing all evidence and argument and after having considered the factors in Rule 2.18 of the TEXAS RULE OF DISCIPLINARY PROCEDURE, the Evidentiary Panel finds said findings and conclusions support a judgment of **DISBARMENT**.

## Disbarment

It is therefore **ORDERED, ADJUDGED** and **DECREED** that effective June 1, 2007, Respondent, **CATHERINE M. SHELTON**, State Bar Number 13902800, is hereby **DISBARRED** from the practice of law in the State of Texas.

It is further **ORDERED** Respondent is prohibited from practicing law in Texas, holding herself out as an attorney at law, performing any legal services for others, accepting any fee directly or indirectly for legal services, appearing as counsel or in any representative capacity in any proceeding in any Texas court or before any administrative body or holding herself out to others or using her name, in any manner, in conjunction with the words "attorney at law," "attorney," "counselor at law," or "lawyer."

## Notification

It is further **ORDERED** Respondent shall immediately notify each of her current clients in writing of this disbarment. In addition to such notification, Respondent is **ORDERED** to return any files, papers, unearned monies and other property belonging to clients and former clients in the Respondent's possession to the respective clients or former clients or to another attorney at the

client's or former client's request.  Respondent is further **ORDERED** to file with the STATE BAR OF TEXAS, Chief Disciplinary Counsel, 6300 La Calma, Suite 300, Austin, Texas 78752, within thirty (30) days of the signing of this judgment by the Panel Chair, an affidavit stating that all current clients have been notified of Respondent's disbarment and that all files, papers, monies and other property belonging to all clients and former clients have been returned as ordered herein.

It is further **ORDERED** Respondent shall, on or before thirty (30) days from the signing of this judgment by the Panel Chair, notify in writing each and every justice of the peace, judge, magistrate, administrative judge or officer and chief justice of each and every court or tribunal in which Respondent has any matter pending of the terms of this judgment, the style and cause number of the pending matter(s), and the name, address and telephone number of the client(s) Respondent is representing.  Respondent is further **ORDERED** to file with the STATE BAR OF TEXAS, Chief Disciplinary Counsel, 6300 La Calma, Suite 300, Austin, Texas 78752, within thirty (30) days of the signing of this judgment by the Panel Chair, an affidavit stating that each and every justice of the peace, judge, magistrate, administrative judge or officer and chief justice has received written notice of the terms of this judgment.

### Surrender of License

It is further **ORDERED** Respondent shall, within thirty (30) days of the signing of this judgment by the Panel Chair, surrender her law license and permanent State Bar Card to the STATE BAR OF TEXAS, Chief Disciplinary Counsel, 6300 La Calma, Suite 300, Austin, Texas 78752, to be forwarded to the Supreme Court of the State of Texas.

### Restitution, Attorney's Fees and Expenses

It is further **ORDERED** Respondent shall pay restitution on or before June 1, 2007, to Armida Ochoa and Arnulfo Ochoa on behalf of Herbert Ochoa in the amount of Twenty Thousand

and No/100 Dollars ($20,000.00). Respondent shall pay the restitution by certified or cashier's check or money order made payable to Armida Ochoa and Arnulfo Ochoa and delivered to the STATE BAR OF TEXAS, Chief Disciplinary Counsel, 6300 La Calma, Suite 300, Austin, Texas 78752.

It is further **ORDERED** Respondent shall return Herbert Ochoa's client file, including court transcript(s) and any other portions of the court record provided to Respondent by the client, or reimburse Herbert Ochoa in the amount of Four Thousand and No/100 Dollars ($4,000.00) for the cost of the transcript.

It is further **ORDERED** Respondent shall pay all reasonable and necessary attorney's fees and direct expenses to the State Bar of Texas in the amount of One Thousand Five Hundred Five and No/100 Dollars ($1,505.00). The payment shall be due and payable on or before June 15, 2007, and shall be made by certified or cashier's check or money order. Respondent shall forward the funds, made payable to the State Bar of Texas, to the State Bar of Texas, Chief Disciplinary Counsel, 6300 La Calma, Suite 300, Austin, Texas 78752.

It is further **ORDERED** that all amounts ordered herein are due to the misconduct of Respondent and are assessed as a part of the sanction in accordance with Rule 1.06(Y) of the Texas Rules of Disciplinary Procedure. Any amount not paid shall accrue interest at the maximum legal rate per annum until paid and the State Bar of Texas shall have all writs and other post-judgment remedies against Respondent in order to collect all unpaid amounts.

### Publication

It is further **ORDERED** this disbarment shall be made a matter of record and appropriately published in accordance with the Texas Rules of Disciplinary Procedure.

### Conditions Precedent to Reinstatement

It is further **ORDERED** payment of the foregoing restitution and attorneys fees and expenses amounts shall be a condition precedent to any consideration of reinstatement from disbarment as provided by Rules 2.19, 2.20 and 11.02(D) of the Texas Rules of Disciplinary Procedure.

## Other Relief

All requested relief not expressly granted herein is expressly **DENIED**.

SIGNED this 17th day of May, 2007.

**EVIDENTIARY PANEL**
**DISTRICT NO. 4B4**
**STATE BAR OF TEXAS**

Lawrence B. Hancock
**District 4B4 Presiding Member**